People v J.M. (2025 NY Slip Op 25139)

[*1]

People v J.M.

2025 NY Slip Op 25139

Decided on June 13, 2025

Supreme Court, Erie County

Boller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 13, 2025
Supreme Court, Erie County

The People of the State of New York

against
J.M., Defendant.

Indictment No. 01534-2006

Michael J. Keane
District Attorney, Erie County
Harmony A. Healy, A.D.A.
for the people
Nora Robshaw, Esq.
for defendant

M. William Boller, J.

The defendant has filed a motion pursuant to Criminal Procedure Law §440.47 and Penal Law §60.12 seeking re-sentencing under the Domestic Violence Survivor's Justice Act. The defendant was convicted of two counts of Murder in the Second Degree, Robbery in the First Degree, Criminal Possession of a Weapon in the Second Degree and Criminal Possession of Stolen Property in the Fifth Degree after a jury trial. The defendant was sentenced to twenty-five years to life on the convictions for Murder in the Second Degree, twenty-five years for the Robbery conviction, fifteen years for the Criminal Possession of a Weapon conviction and one year on the conviction for Criminal Possession of Stolen Property.
On February 19, 2022, the defendant filed a motion pursuant to C.P.L. §440.47 and P.L. §60.12 requesting permission to apply for re-sentencing. The defendant met the initial threshold under C.P.L. §440.47(1)(a). Subsequent to the initial approval, the defendant, through his attorney submitted a motion for re-sentencing and the People filed an opposing affidavit.
The standard for re-sentencing is found in P.L. §60.12(1). Under P.L. §60.12(1), the Court, "upon a determination following a hearing that (a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant as such term is defined in subdivision one of section 530.11 of the criminal procedure law; (b) such abuse was a significant contributing factor to the defendant's criminal behavior; (c) having regard for the nature and circumstances of the crime and the history, character and condition of the [*2]defendant, that a sentence of imprisonment pursuant to section 70.00, 70.02, 70.06 or subdivision two or three of section 70.71 of this title would be unduly harsh may instead impose a sentence in accordance with this section." If the defendant meets their burden under this statute, the Court may re-sentence the defendant as proscribed under P.L. §60.12(2). In this case, the highest crime being a class A felony, the range on the re-sentencing would be a determinate sentence having a minimum of five years and a maximum of fifteen years.
The People have opposed the motion on the grounds that the defendant maintains his innocence, and therefore, how could domestic violence be a contributing factor to a crime that the defendant claims he did not commit? The People cite the defendant's motion, paragraph 25, which reads, "It is noteworthy that my client has maintained his innocence throughout the entirety of his prosecution to the present time." 
Penal Law §60.12 outlines the three prongs the defendant must meet to be re-sentenced under the Domestic Violence Survivor's Act. The second prong, delineated as (b) in the statute, indicates the defendant must prove that, "such abuse was a significant contributing factor to the defendant's criminal behavior."
It is clear from a plain-language reading of the statute that there must be a nexus between the alleged domestic violence and the defendant's commission of the crime. "Furthermore, a simple reading of the original statutory language alongside the amended text demonstrates that the legislature raised, not lowered, the standard. The original version required that the abuse merely be "a factor in causing the defendant to commit such offense" (PL § 60.12[b] [emphasis added]). The current, amended version directs that the abuse was "a significant contributing factor to the defendant's criminal behavior" People v B.N., 79 Misc 3d 740. 
The question this Court must ask is how can the alleged domestic violence be a contributing factor to the defendant's commission of the crime, when the defendant maintains he did not commit the crime? There is not a logical nexus. Therefore, as the defendant maintains he did not commit the crime, it is not possible for the defense to meet their burden under the second prong of P.L. §60.12. If there was no criminal behavior perpetrated by the defendant, then whether or not the defendant was subjected to domestic violence is not relevant for sentencing purposes.
Therefore, the defendant's application for re-sentencing under CPL §440.47 and P.L. §60.12 is DENIED.
HON. M. WILLIAM BOLLER
A.J.S.C.
DATED: June 13, 2025
BUFFALO, NEW YORK